FILED

2015 MAR 23 PM 2: 45

U.S. DISTRICT COURT
ERN DISTRICT OF OHIO
CLEVELAND

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| ANNE MARIE VARDON, | ) CASE NO. 5:13 CV 2531 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge George J. Limbert (ECF #18), recommending that the Commissioner of Social Security's final determination denying Plaintiff, Anne Marie Vardon's application for Supplemental Security Income be affirmed.

**Factual and Procedural Background**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**PROCEDURAL AND FACTUAL HISTORY**

Plaintiff applied for SSI on October 18, 2007, alleging disability since September 17, 2007. The SSA denied Plaintiff's applications initially and on

reconsideration. ECF Dkt.#12, Transcript of proceedings ("Tr.") at 144-151. Plaintiff requested an administrative hearing, and on February 22, 2010, the ALJ conducted an administrative hearing *via* video conference and accepted the testimony of Plaintiff, Kathleen Rice, a vocational expert, and Martin Macklin, M.D., a medical expert ("ME"). Tr. at 88-117. On March 19, 2010, the ALJ issued a Decision denying benefits. Tr. at 125-143.

Plaintiff appealed the Decision, and on January 13, 2011, the Appeals Council vacated the Decision and remanded the matter, with instructions that the ALJ: (1) further evaluate Plaintiff's impairments, individually and in combination, and provide rationale consistent with the severity of the impairments, including reference to specific evidence of record, and to provide appropriate work-related functional limitations; (2) further evaluate Plaintiff's subjective complaints and provide rationale in accordance with the disability regulations pertaining to evaluation of symptoms; (3) give further consideration to the treating source opinions and explain the weight given, as well as to request additional evidence or further clarification from the treating sources as appropriate; (4) give further consideration to Plaintiff's maximum residual functional capacity and provide appropriate rationale with specific references to the evidence of record to support the assessed limitations; and (5) obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base. Tr. at 140-143.

A second hearing was held on January 11, 2012. Tr. at 46-87. At the hearing, the ALJ accepted the testimony of Plaintiff, and Mark Anderson, a vocational expert. On February 8, 2012, the ALJ issued a Decision denying benefits. Tr. at 23-45. Plaintiff appealed the Decision, and on September 19, 2013, the Appeals Council denied review. Tr. at 5-8.

On November 15, 2013, Plaintiff filed the instant suit seeking review of the Decision. ECF Dkt. #1. On May 9, 2014, Plaintiff filed a brief on the merits. ECF Dkt. #15. On June 6, 2014, Defendant filed a brief on the merits. ECF Dkt. #16. A reply brief was filed on June 19, 2014. ECF Dkt. #17.

## SUMMARY OF RELEVANT PORTIONS OF THE ALJ'S DECISION

The ALJ determined that Plaintiff suffers from degenerative disc disease of the lumbar and cervical spines, radiculitis of the lumbar spine, thoracic disc degeneration, numbness and tingling of the legs and arms, epilepsy/seizure disorder, right rotator cuff syndrome, somatoform disorder, bipolar disorder, anxiety disorder (NOS) and mood disorder (NOS), which qualified as severe impairments under 20 C.F.R. §416.920(c). Tr. at 25. The ALJ further determined that Plaintiff suffers from the following non-severe impairments: alcohol dependence in remission, cannabis abuse in remission, borderline personality disorder, mitral valve prolapse, dropped bladder, hypothyroidism and fibromyalgia. Tr. at 25. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, 20 C.F.R. §§

416.920(d), 416.925 and 416.926 ("Listings"). Tr. at 26.

The ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, as defined by 20 C.F.R. § 416.9679(a)$_2$, except that Plaintiff must be able to sit/stand alternatively, at will. In addition, the ALJ limited Plaintiff to simple routine repetitive tasks; provided that Plaintiff will not be off task more than ten percent in a work period. Plaintiff can occasionally use ramps or stairs, stoop, and crouch; she can frequently balance but must never kneel or crawl, and can never be exposed to unprotected heights. Plaintiff may frequently reach and reach overhead bilaterally, and handle and finger objects bilaterally. Lastly, the ALJ limited Plaintiff to work that is limited to simple, routine, and repetitive tasks performed in a work environment free from fast-paced production requirements involving only simple work related decisions and routine work place changes. Tr. at 28.

The ALJ ultimately concluded that, although Plaintiff was unable to perform her past work as an assistant manager, office helper, or retail salesperson, there were jobs that existed in significant numbers in the national economy that Plaintiff can perform, including the representative occupations of inspector of wooden products, document preparer, and patcher. Tr. at 37. As a consequence, the ALJ found that Plaintiff had not been under a disability as defined in the SSA and was not entitled to benefits.

Report and Recommendation at pp. 1-3. (Footnotes omitted).

### Report and Recommendation

Plaintiff filed her Complaint with this Court on November 15, 2013, challenging the final decision of the Commissioner. (ECF #1.) On January 22, 2015, the Magistrate Judge issued his Report and Recommendation. (ECF #18.) The Magistrate Judge determined that the Commissioner applied the correct legal standards and found the Commissioner's decision denying Plaintiff's application for Supplemental Security Income to be supported by substantial evidence. February 3, 2015, Plaintiff filed Objections to the Report and Recommendation. (ECF #19.) On February 11, 2015, the Commissioner filed a Response to Plaintiff's Objections. (ECF #20.)

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo* and has considered all of the pleadings, transcripts, and filings of the parties, as well as the objections to the Report and Recommendation filed by Plaintiff. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own.

Magistrate Judge Limbert thoroughly and exhaustively reviewed this case, and correctly determined that the Commissioner applied the correct legal standards and that the

Commissioner's decision denying Plaintiff's application for Supplemental Security Income was supported by substantial evidence. Accordingly, the Report and Recommendation of Magistrate Judge Limbert (Document # 18) is hereby ADOPTED. The Commissioner's final determination denying Plaintiff's application for Supplemental Security Income is hereby AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 23, 2015